

**U. S. Department of Justice**
*United States Attorney*
*Southern District of Iowa*

*Criminal Division*

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309-2053
Telephone (515) 473-9300
Fax (515) 473-9292

January 10, 2025

Maureen W. Gornik, Acting Clerk of Clerk
Eighth Circuit Court of Appeals
Thomas F. Eagleton Courthouse, Room 24.329
St. Louis, MO 63102

    Re:    *United States v. Aldo Perez, Jr.*
             Appeal No. 24-1553

Dear Ms. Gornik:

       Pursuant to Fed. R. Crim. P. 28(j), the United States notifies the Court of the Fifth Circuit's recent decision in *United States v. Daniels*, No. 22-60596, 2025 WL 33402 (5th Cir. Jan. 6, 2025). In that case, arising from a trial conviction, the Fifth Circuit reversed the defendant's Section 922(g)(3) conviction, essentially on an instructional error. *Daniels* applied the Fifth Circuit's earlier ruling in *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024). The *Daniels* panel majority found "§ 922(g)(3) unconstitutional as applied to Daniels *unless the government can show that Daniels was disarmed for reasons above and beyond habitual or occasional marihuana use.*" 2025 WL 33402, *5 (emphasis supplied). While "the facts at trial seemed to reveal a defendant who was often intoxicated while transporting weapons," the panel rested its holding on a jury instruction that provided a more expansive view of the temporal proximity required to sustain the government's burden in light of the Fifth Circuit's view of the Second Amendment. *Id.* at 5-6. The panel majority emphasized the "narrowness" of its holding, declining to announce a rule limiting application of Section 922(g)(3) to persons who are "actively intoxicated when found in possession of a firearm." *Id.* at 6.

       As in *Connelly*, the *Daniel* panel erred in rejecting the government's suggested historical analogues, including by considering each analogue in isolation, rather than

"[t]aken together." *United States v. Rahimi*, 144 S. Ct. 1889, 1901 (2024). Additionally, the facts of this case establish that Cordova Perez was, in fact, under the influence of marijuana at the time of his arrest and possession of the subject firearm. Finally, it is notable that the jury instruction that troubled the *Daniels* court was not given here; rather, the jury here was simply instructed (without objection) that the government needed to prove that Cordova Perez "knew [he] was an unlawful user of a controlled substance" "at the time [he] knowingly possessed the firearm." (R. Doc. 75, p. 7.)

                                              Sincerely,

                                              Richard D. Westphal
                                              United States Attorney

By:   */s/ Andrew H. Kahl*
        Andrew H. Kahl
        Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE
## WITH RULES 27(d)(2)(A), 32(a), and 32(g)

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and the word limit of Fed. R. App. P. 32(g)(1) because it contains 330 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 12 point.

Dated: January 10, 2025.

        By: */s/ Andrew H. Kahl*
             Andrew H. Kahl
             Assistant United States Attorney

             Neal Smith Federal Building
             210 Walnut Street, Suite 455
             Des Moines, Iowa  50309
             Tel:  (515) 473-9300
             Fax:  (515) 473-9292

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                               */s/ Janna Colvin*
                                               Paralegal Specialist